## SUPREME COURT.

### FERDINAND MAYER agt. HENRY V. ROTHSCHILD.

*Arrest — Stipulation on vacating order of, not to sue for false imprisonment.*

The court, in granting a discharge from arrest when the arrest was made upon an execution issued without authority of law, has no power to impose a condition that the party thus discharged from an unlawful arrest shall not bring an action to recover his damages for such unlawful imprisonment.

The irresistible effect of such a rule would be to compel a party to surrender one right to obtain another right to which he was entitled absolutely.

*At Chambers, November,* 1880.

THIS is a motion by plaintiff to insert, in an order previously granted vacating an order of arrest against defendant, a clause compelling defendant to stipulate not to prosecute the plaintiff for false imprisonment.

*Ex-judge Cardozo* and *R. S. Newcombe,* for plaintiff.

*Blumensteil & Hirsch,* for defendant.

POTTER, *J.*— A motion that the order discharging plaintiffs from arrest upon an execution against his body be amended and made conditional that he stipulate not to prosecute for false imprisonment.

Mayer agt. Rothschild.

The order discharging from arrest was made without notice of settlement. The question will, therefore, be considered as arising upon application to settle the order.

The ground upon which the discharge was granted was, that the defendant in this action had no right to arrest the plaintiff. The plaintiff in this action was the defendant in the action in which the arrest was made. Has the court, in granting a discharge from arrest when the arrest was made upon an execution issued without authority of law, power to impose a condition that the party thus discharged from an unlawful arrest shall not bring an action to recover his damages for such unlawful imprisonment? The irresistible effect of such a rule would be to compel a party to surrender one right to obtain another right which he was entitled to absolutely.

The court would thus, instead of meting out simple and exact justice between parties, be engaged in making contracts for parties where one of the parties is under duress and his consent is enforced. It seems to me the court should not compel parties to make a contract under circumstances which, if made by the parties themselves, the court would not enforce. Such a condition may well be imposed where the court is satisfied the arrest is without justice and upon probable cause, such as conflicting affidavits in regard to the right to arrest, and upon which a judge has exercised judicial discretion and granted an order of arrest, or some informality or defect in stating a case where the right to arrest exists (*Wilder* agt. *Guernsey, unreported case in court of appeals,* 19th vol. *City Law Journal,* 401; *The N. R. Co.* agt. *Carpenter,* 4 *Abb. Pr. R.,* 53). But where the arrest was upon final process, and entirely without the authority of law, I think the court should not, if it has the power, impose any condition whatsoever (*Pulen* agt. *Harris,* 52 *N. Y.,* 77; *Wilder* agt. *Guernsey, supra*; *Bank of N. Y.* agt. *Tinkens,* 18 *Johns.,* 309).

Motion to resettle order by the insertion of a condition not to prosecute for false imprisonment denied.